# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

    v.

ABRAHAM SHAFI, ET AL.,

    Defendants.

Case No.  4:24-cv-04636-YGR

ORDER GRANTING MOTION TO STAY

Re: Dkt. No. 65

Pending before the Court is defendant Abraham Shafi's motion to stay the case (Dkt. No. 65) pending resolution of the criminal charges brought against him in *United States v. Abraham Shafi*, Case No. 4:25-cr-00258-YGR (N.D. Cal.). In the motion, Shafi represents that plaintiff Securities and Exchange Commission ("SEC") takes no position on the motion and that the Department of Justice ("DOJ") supports entering the stay. Plaintiff filed a response confirming the same. (*See* Dkt. No. 66.) For the reasons set forth below, the Court hereby **GRANTS** the motion.[1]

The Constitution does not require civil matters be stayed pending resolution of parallel criminal proceedings, *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989), but a court may order such a stay in "the interests of justice." *Sec. & Exch. Comm'n v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980). In addition to weighing a defendant's Fifth Amendment rights, courts consider the five *Keating* factors in deciding whether to allow parallel civil and criminal actions to proceed simultaneously. *See Cisco Sys., Inc. v. Sheikh*, 2020 WL 7408229 at *1 (N.D. Cal. 2020). Those are:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that this motion is appropriate for decision without oral argument. The hearing currently set for January 13, 2026 is hereby **VACATED**.

> the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Id.* (quoting *Keating v. Off. of Thrift Supervision*, 45 F.3d 322, 324-25 (9th Cir. 1995).).

Here, all factors weigh in favor of granting the motion. Given the significant factual overlap of the actions, the stay is likely to help protect Shafi's Fifth Amendment rights. Plaintiff has not asserted any possible prejudice, and the stay is likely to help avoid duplicative efforts by streamlining discovery and limiting the issues before the Court in this action. Shafi notes that two investor witnesses have already successfully moved to stay related civil cases (*see SVF II Aggregator (DE) LLC et al. v. Abraham Shafi et al.*, Case No. 4:23-cv-03834-YGR (N.D. Cal.); *Shafi et al. v. Chien et al.*, C.A. No. 2023-1157-LWW (Del. Ch.)) and that the primary investor at the heart of this action supports the stay. Lastly, plaintiff has not raised any countervailing public interest in denying the motion, and the DOJ supports granting the stay.

For the reasons stated above, the Court **GRANTS** Shafi's motion. Given the procedural posture, **IT IS HEREBY ORDERED** that the instant case is **CLOSED** for statistical purposes only. Nothing contained in this Order shall be construed as a dismissal or disposition of the action, and should further proceedings become necessary herein, any party may initiate them in the same manner as if this Order had not been entered.

This Order terminates Docket No. 65.

**IT IS SO ORDERED**.

Date:   January 8, 2026

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

2